# NEW YORK SUPERIOR COURT.

## John Kelly agt. Henry F. Taintor.

*Action of libel — demurrer to answer.*

A defendant in an action for libel may allege the truth of the publication or that it was privileged.

Where the facts stated in a subdivision of the answer do not bring the alleged libelous matter within any of the classes of privileged communications, it cannot be sustained on demurrer as a privileged communication.

The matter stated, however, if it fails to justify the libel, may be given in evidence to mitigate the damages, if it has been pleaded separately for that purpose.

Where the answer alleged that the article, on which the complaint is founded, is, as to the matters complained of, true, "according to the true intent and meaning thereof;" *held*, the defendant had the right to allege the truth as a defense, and that the mere surplusage of the last words, quoted, did not render it a defective pleading.

*Special Term, January,* 1875.

Demurrer to the answer. The action is for a libel.

The complaint alleges that the defendant falsely, and with malice, wrote, and caused to be published in the New York Tribune, a letter addressed to the editor of said paper, which, among other things, charged, as is alleged, that the plaintiff had been implicated in certain fraudulent transactions, by which the city of New York had been defrauded out of large sums of money; that the plaintiff had been engaged in wrongfully obtaining money from said city in connection with the "ring rogues," and in sharing and receiving moneys that had been fraudulently and corruptly obtained from the city; and had been a confederate with the persons who, by

Kelly agt. Taintor.

fraud, had obtained the same; that he shared in the bill of one Roe, and in the division of the money fraudulently obtained thereon; and that, by reason of such acts, the plaintiff should be regarded by the public as a dishonest man, and a sharer of money dishonestly obtained.

The defendant, as a separate defense, alleged that, in discharge of a public duty, he addressed a communication to W. F. Havemeyer, then mayor of the city, containing a statement that two checks, amounting to $15,599, which had been paid, had been deposited to the credit of the plaintiff, and requesting the mayor to give the plaintiff an opportunity of explaining the transaction. That thereafter the plaintiff published an article in the Tribune, asking why it was that defendant had not called directly upon the plaintiff for an explanation, and denouncing the defendant as an obsequious sycophant who had not the courage or the honesty of purpose to do so; which words the defendant alleged were libelous. That thereafter he, the defendant, published the said article in the said newspaper, but which contained a further statement to the effect that he regretted that the plaintiff had not appreciated his charity in affording him an opportunity by the mayor to explain the transactions.

For a further defense, the defendant alleged that the letter mentioned in the complaint was published as part of a public discussion having reference to politics, and, when taken in connection with the prior publications referred to, could not be held to be libelous.

And, for a further defense, the defendant alleged that the article on which the complaint is founded, is, as to the matters complained of, true, "according to the true intent and meaning thereof."

The plaintiff demurred to each of these defenses for insufficiency.

*G. W. Wingate & H. L. Clinton*, for plaintiff.

*L. De Kay & W. H. Peckham*, for defendant.

MONELL, *C. J.* — A defendant in an action for libel may allege the truth of the publication, or that it was privileged. These are defenses.

The defendant claims that both are raised by his answer.

First, that, under the facts stated, the communication was privileged ; and, second, that the alleged libelous matter was true, " according to the true intent and meaning thereof."

I do not find that the facts stated in the " sixth " subdivision of the answer brings the alleged libelous matter within any of the classes of privileged communications. It does not relate to any legislative or judicial proceeding ; nor is it a private communication which may sometimes be published under some peculiar duty or privilege of confidence.

In respect to legislative or judicial proceedings, it is provided by statute that a fair and true report shall not subject the reporter to an action. But in that case, and in all cases of a privileged communication, if express malice is shown, the action will lie.

The matter alleged by the defendant did not relate to any public proceeding. The charges were that the plaintiff had been implicated in certain frauds by which the city of New York had been defrauded of large sums of money, through or by which frauds the plaintiff had obtained portions of such sums. It is not alleged that any criminal proceeding, or civil action, had been commenced against the plaintiff in respect to such alleged frauds, nor that in any way it had been made the subject of any judicial, legislative or other public or private investigation. The charge, therefore, must be presumed to have emanated directly from the defendant, and he must be held responsible, unless he can justify its publication by establishing its truth. He cannot claim that it was privileged.

The matter stated, however, if it fails to justify the libel, might be given in evidence to mitigate the damages, if it had been pleaded for such a purpose.

In *Fink* agt. *Justh* (14 *Abb.* [*N. S.*], 107), it was held that matter, claimed to go in mitigation of damages, must be

Kelly agt. Taintor.

alleged separately from matter claimed to be a justification; and the same rule applies where the same matter is intended to be used for both purposes.

The demurrer to the sixth and seventh defenses is well taken.

The allegation constituting the eighth defense, I think, is sufficient.

The truth of the matters complained of is averred "according to the true intent and meaning thereof." That must be, of course, according to their legal signification, intent, and meaning, which is a question of law; and the interpretation cannot be governed or controlled by any hidden or intended meaning of the defendant. Hence the words, "according to the true intent and meaning thereof," must be regarded and claiming to give to them nothing more or less than their legal meaning, and might as well have been omitted.

But the allegation is, in effect, that in the legal signification of the matter it is true, and the defendant has the right to allege the truth as a defense; the mere surplusage does not render it defective as a pleading.

The demurrer to that defense is not well taken.

The plaintiff must have judgment upon the demurrer to the sixth and seventh defenses, and the defendant must have judgment upon the demurrer to the eighth defense.

The defendant may have leave to amend his answer by setting up the matter in mitigation of damages.